HENRY MILLER V. THE STATE.

No. 18732.   Delivered January 20, 1937.

The opinion states the case.

*Tom Bartlett,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of chickens, and his punishment was assessed at confinement in the state penitentiary for a term of one year.

By bill of exception number one appellant complains of the action of the court in overruling his motion to quash the indictment: first because it fails to show that the grand jury was duly organized in the county of Falls and State of Texas; second, because the indictment fails to charge that said Henry Miller intended to appropriate the chickens to his own use and benefit. The indictments reads as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"THE GRAND JURY, for the County of Falls duly organized as such at the March Term, A. D. 1936, of the District Court for said County in said Court at said term do present that Henry Miller on or about the 16th. day of March A. D. 1936, and anterior to the presentment of this indictment, in the County of Falls and State of Texas, did then and there fraudulently take four chickens the same being the corporeal personal property of Pete Gomez from the possession of the said Pete Gomez without the consent of the said Pete Gomez with the intent to deprive the said Pete Gomez of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Henry Miller against the peace and dignity of the State."

We deem the indictment sufficient as it contains all the essential requirements under art. 396, C. C. P., 1925.

Appellant urged a number of objections to the court's charge. A careful review of the charge in the light of the objections leads us to the conclusion that the same is not subject to the objections addressed thereto.

Appellant's objection to the introduction of his confession is without merit. The confession shows upon its face that he was duly warned by John C. Patterson that he did not have to make any statement at all concerning the offense with which he was charged; that any statement which he did make concerning said offense could be used against him on the trial of said case; that it was signed by appellant.

We think the confession was obtained in the manner prescribed by art. 727, C. C. P., 1925.

All other matters complained of have been considered and deemed to be without merit.

The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.